IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIO PEREZ JR. #852734 | § | |
| v. | § | CIVIL ACTION NO. 5:13cv36 |
| FREDERICK GOODEN | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Julio Perez Jr., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is a prison official named Frederick Gooden.

Perez states he has hypertension and has experienced problems with the distribution of his medication, causing his blood pressure to fluctuate. He added he has been having "on-going problems with prison officials but has not lodged a complaint because of the Court previously sanctioning him." Perez asks to be allowed to amend his complaint in some unspecified way and seeks injunctive relief against Gooden and unnamed "agents" to prevent them from retaliating against him or denying him access to medical care and treatment .

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as barred by 28 U.S.C. §1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records show the Plaintiff Julio Perez has filed at least three lawsuits or appeals which have been dismissed, in whole or in part, as frivolous or for failure to state a claim upon which relief may be granted. *See* Perez v. Thompson, No. 6:06cv327 (E.D. Tex. Dec. 1, 2006) (no appeal taken); Perez v. Delarosa, No. 5:06cv185 (E.D. Tex. Jan. 10, 2007) (no appeal taken); Perez v. Hudson, No. 5:08cv161 (E.D. Tex.July 1, 2009) (no appeal taken). He has also had one lawsuit previously dismissed under §1915(g). Perez v. Dunbar, et al., civil action no. 5:11cv113 (E.D.Tex., dismissed July 6, 2011, no appeal taken). Hence, Perez cannot proceed *in forma pauperis* unless he shows he is under serious danger of imminent physical injury.

In this regard, the Magistrate Judge determined that Perez's vague and conclusory assertions that his life is in danger were insufficient to show "imminent danger of serious physical injury," as required by the statute. *See* McClure v. Langley, civil action no. 5:11cv208, 2012 WL 1900012 (E.D.Tex., May 24, 2012, no appeal taken) (mere recitation of phrase "imminent danger" does not invoke the exception to §1915(g)); Hyder v. Obama, civil action no. 5:11cv26, 2011 WL 1113496 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 WL 1100126 (E.D.Tex., March 24, 2011, no appeal taken) (general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g)). The Magistrate Judge thus recommended that Perez's application for leave to proceed *in forma pauperis* be denied and the lawsuit be dismissed.

Perez filed objections to the Magistrate Judge's Report on May 21, 2013. In his objections, Perez states he wanted to amend his complaint "to clarify and name the defendants." He asserts that on April 9, 2013, he was denied a blood pressure check by a person named Rushing, a nurse named Pickens, and a nurse practitioner named Brocker. On April 15, he was denied evening blood pressure medication by a nurse named Anderson, and the next day he was denied evening blood pressure medication by nurse named Archie. On March 22, he was denied evening blood pressure medication by a nurse named Jones. Grievances on all of these incidents are pending. On May 12,

2

2013, he was denied evening blood pressure medication by a patient care assistant named Hayden but he has not decided whether to grieve this incident or not.

Perez argues he meets the §1915(g) exception because "hypertension is a deadly disease if not properly treated." He states his blood pressure fluctuates and noted that another inmate died in February as a result of "medical and security indifference and negligence."

A number of courts have rejected assertions that high blood pressure is itself sufficient to show that a prisoner is in imminent danger of serious physical injury within the meaning of §1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (claim that defendants were trying to kill plaintiff by forcing him to work in extreme weather conditions despite his high blood pressure was insufficient to invoke the exception to §1915(g)); Mack v. Bell, civil action no. 6:12cv852, 2012 WL 7159823 (E.D.Tex., December 17, 2012, *Report adopted at* 2013 WL 618219 (E.D.Tex., February 19, 2013, no appeal taken) (claim that inmate was in imminent danger because of high blood pressure did not invoke the exception to §1915(g)); Caradine/Assabur v. Hubbard, civil action no. 5:11cv281, 2011 WL 6937196 (E.D.Ark., December 7, 2011, *Report adopted at* 2012 WL 10308, E.D.Ark., January 3, 2012, no appeal taken) (complaint that prisoner suffers from colon cancer, sugar diabetes, hypertension, high blood pressure, dislocated deformities in his foot, and tuberculosis did not support a finding that the prisoner was in imminent danger of serious harm).

In this case, Perez asserts in his objections that he was denied a blood pressure check on one occasion and he was denied evening blood pressure medication four times over a period of 52 days. These assertions do not show he is in imminent danger of serious physical injury so as to trigger the exception to §1915(g). *See also* Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (the statutory exception refers to "genuine emergencies" where "time is pressing.") Perez's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review,

the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 3) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory filing fee.  It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of June, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE